IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTINE PORTER,

                Plaintiff,                          ORDER

    v.

                                              12-cv-308-bbc

WISCONSIN STATE MEDICAL BOARD,

                Defendant.

---

CHRISTINE PORTER,

                Plaintiff,                          ORDER

    v.

                                              12-cv-309-bbc

JAMES GOODSETT, PAUL HICKS,
PHILIP KURLEY, GUPTA PANKHA,
ROD PETERSON, DR. ROWE,
JAMES SEHLOFF and L. WILLIAMS,

                Defendants.

---

CHRISTINE PORTER,

                Plaintiff,                          ORDER

    v.

                                              12-cv-310-bbc

FLOWVENT,

                Defendant.

---

CHRISTINE PORTER,

                Plaintiff,                          ORDER

    v.

                                              12-cv-315-bbc

SOCIAL SECIRTY,

                Defendant.

---

CHRISTINE PORTER,

                Plaintiff,                          ORDER

    v.

                                              12-cv-316-bbc

JUDGE URBAN,

                Defendant.

---

CHRISTINE PORTER,

                Plaintiff,                          ORDER

    v.

                                              12-cv-317-bbc

DR. JANJOUR, DR. KINCK,
DR. L. WILLIAMS, DR. WILK and
DR. BEDEKAR,

                Defendants.

Plaintiff Christine Porter has filed six proposed civil complaints. Plaintiff has asked for leave to proceed *in forma pauperis* and has supported her request with an affidavit of indigency. The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In these cases, plaintiff's annual income is less than $16,000, so she may proceed without any prepayment of fees or costs.

Accordingly, IT IS ORDERED that plaintiff's complaints are taken under advisement. As soon as the court's calendar permits, plaintiff's complaints will be screened pursuant to 28 U.S.C. § 1915 to determine whether the cases must be dismissed either because the complaints are frivolous or malicious, fail to state a claim on which relief may be granted or seek monetary relief against a defendant who is immune from such relief. Plaintiff will be notified promptly when such a decision has been made. In the meantime, if plaintiff needs to communicate with the court about these cases, she should be sure to write the case numbers shown above on her communication.

Entered this 2nd day of May, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge